NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARIE BURRIS,<br><br>    Plaintiff,<br><br>v.<br><br>IC SYSTEM,<br><br>    Defendant. | Civil Action No.: 16-7566 (JLL)<br><br>OPINION |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of Plaintiff Marie Burris' Motion to Voluntarily Dismiss her Complaint pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure (ECF No. 14). Defendant has submitted Opposition (ECF No. 16), to which Plaintiff has replied. (ECF No. 17). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court grants Plaintiff's Motion to Voluntarily Dismiss her Complaint in its entirety.

## I.    BACKGROUND[1]

The Court presumes the parties are familiar with the factual background and the allegations asserted in the Complaint. Moreover, this Motion does not necessarily deal with intricate details of Plaintiff's allegations. Accordingly, the Court will set forth a brief background and provide the relevant procedural posture of this action.

---

[1] This background is derived from Plaintiff's Complaint, which the Court must accept as true at this stage of the proceedings. *See Alston v. Countrywide Fin. Corp.*, 585 F.3d 753, 758 (3d Cir. 2009).

On October 19, 2016, Plaintiff, a New Jersey resident, brought this action seeking to recover damages claiming that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") and Telephone Consumer Protection Act ("TCPA"). (ECF No. 1 ("Compl.")). Defendant is a Minnesota corporation and a debt collector as defined by the FDCPA and TCPA. (Compl. ¶¶ 9-10). Plaintiff asserts that, beginning in July 2016, Defendant placed numerous calls to her cellular phone regarding two unknown parties named Roslyn Witt and "Charlene," and not for Plaintiff. (Compl. ¶¶ 13-16). At least some of said calls were automated and contained pre-recorded messages. (Compl. ¶¶ 18-19).

Plaintiff spoke to Defendant and advised that Defendant was calling the wrong number, and asked Defendant to stop calling her. (Compl. ¶¶ 19-21). However, Plaintiff asserts that, despite Defendant's assurances that it would stop calling Plaintiff, the calls continued. (Compl. ¶¶ 22-23). Hence, Plaintiff brought this action to recover damages for violations of the FDCPA and TCPA.

During discovery, Defendant advised Plaintiff that "it had located an account on which it called Plaintiff, but stated '[Defendant's] account notes and recordings show [Defendant] never spoke to [Plaintiff] and she did not revoke her consent to be called.'" (ECF No. 14 ("Pl. Mov. Br.") ¶ 3). Accordingly, Defendant asked that this action be dismissed, and Plaintiff responded by asking for a copy of said notes and recordings. (Id.). Defendant failed to provide this information upon Plaintiff's informal request, prompting Plaintiff to send Defendant a formal discovery demand for said information on March 31, 2017. (Id. ¶ 4). Plaintiff asserts that Defendant produced the demanded call logs and/or recordings on August 12, 2017. (Id. ¶ 5).

The call logs showed that Defendant called Plaintiff eight times over the course of 12 days

in October 2016. (Id. ¶ 6). Upon learning this information, and "given the fact that district courts have been divided on" whether eight calls over a 12 day period constitutes violations of the FDCPA and TCPA, "Plaintiff decided not to seek to amend her Complaint to state that the calls were for her and not for a third party, and pursue" any claims under the FDCPA or the TCPA (Id. ¶ 7, 8 (¶ 8 is improperly numbered as ¶ 7)).

Plaintiff and Defendant's counsel discussed the records and Plaintiff agreed to dismissing this action with prejudice and with each side bearing their own costs. (Id. ¶¶ 9-10 (which are improperly numbered as ¶¶ 8-9)). "Defendant refused to agree to dismissal with prejudice" with each side bearing their own costs. (Id. ¶ 11 (which is improperly numbered as ¶ 10). Accordingly, Plaintiff brought this Motion to have this action dismissed and for each party to bear their own costs.

## II. LEGAL STANDARD

A party may voluntarily dismiss a claim through filing a notice to the Court prior to an answer or a motion for summary judgment by the defendant. *See* Fed. R. Civ. P. 41(a)(1); *In re Bath and Kitchen Fixtures Antitrust Litig.*, 535 F.3d 161, 165-66 (3d Cir. 2008). After the filing of an answer or a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Rule 41 motions 'should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit.'" *In re Paoli R.R. Yard PCB Litig.*, 916 F.2d 829, 863 (3d Cir. 1990) (quoting 5 J. Moore, Moore's Federal Practice 41.05, at 41-62 (1988)).

## III. ANALYSIS

Defendant does not oppose the portion of Plaintiff's Motion seeking dismissal with prejudice. (*See generally* ECF No. 16 ("Def. Opp. Br.")). This Court has reviewed the action, as well as the parties submissions, and finds that dismissal is appropriate under Rule 41. Accordingly, Plaintiff's Complaint is hereby dismissed with prejudice.

However, Defendant does oppose Plaintiff's request to have each party bear their own costs. (Def. Opp. Br. at 3). According to Defendant, it is entitled to attorneys' fees and repayment of the costs associated with this litigation, because Plaintiff brought this FDCPA and TCPA action in bad faith. (Id.). Defendant further argues that Rule 54(d)(1) of the Federal Rules of Civil Procedure allow this Court to award Defendant attorneys' fees, if Plaintiff acted in bad faith by bringing or maintaining this action in general. (Id. at 4). Finally, Defendant asserts it is entitled to fees and costs under 28 U.S.C. § 1927, which permits such an award if a party's attorney abuses the court process. (Id. at 5 (quoting 28 U.S.C. § 1927)). The Court rejects all three of these arguments.[2]

First, while it is true that, under § 1692k(a)(3) of the FDCPA, a defendant may recover fees and costs from a plaintiff if that plaintiff brought his or her FDCPA action in bad faith, such an award is not warranted here. Indeed, a review of the record before this Court indicates Plaintiff brought this action believing Defendant violated the FDCPA and TCPA. (*See generally* Compl.). After the institution of the action, Plaintiff and Defendant engaged in discussions regarding the source and recipient of the purportedly violative phone calls. (Pl. Mov. Br. ¶ 3). Defendant

---

[2] The Court also notes that Defendant's request for fees and costs is procedurally deficient as Defendant did not cross-move for fees and costs, consistent with Fed. R. Civ. P. 7 and L. Civ. R. 7.1. Rather, Defendant asks for said relief by way of opposition. Nonetheless, for the reasons set forth *infra*, the Court denies said request on the merits.

4

responded that it found record of calls made to Plaintiff, but that Defendant never spoke with Plaintiff. (Id. ¶ 4). This conversation prompted Plaintiff to informally seek proof. (Id. ¶ 4). Defendant never provided proof and Plaintiff sought to obtain said information via formal discovery demands. (Id.). Defendant finally provided said information in August 2017, which ultimately led to Plaintiff seeking dismissal of this action.

This sequence of events does not indicate Plaintiff brought, and maintained, this action in bad faith. Rather, it shows that Plaintiff brought an action believing Defendant violated both the FDCPA and TCPA. After the action was brought, Defendant, by way of counsel, essentially stated that it did not violate said statutes. Plaintiff's counsel reasonably requested proof to assure that this information was indeed true. Five month later Defendant provided the information, and Plaintiff chose not to pursue this action. Instead, Plaintiff asked Defendant to agree to a voluntary dismissal because she was unsure if she had any chance of success. Based on these facts, the Court finds that Plaintiff acted in a reasonable manner and in good faith throughout this litigation. Accordingly, the Court will not award Defendant fees or costs for alleged any bad faith conduct on the part of Plaintiff.

The Court will also not award Defendant fees or costs pursuant to Rule 54(d)(1). That Rule, along with the case of *Marx v. General Revenue Corp.*, permits a prevailing party to recover attorneys' fees and costs of litigation if a lawsuit was maintained in bad faith. *See* Fed. R. Civ. P. 54(d)(1); *Marx v. General Revenue Corp.*, 568 U.S. 371, 376-78 (2013). However, as discussed above, this Court finds that Plaintiff did not maintain this action in bad faith, rather, just the opposite. Therefore, fees and costs under Rule 54(d)(1) are inappropriate here.

Finally, Defendant is not entitled to attorneys' fees or costs of litigation under 28 U.S.C. § 1927. That statute allows a prevailing party to recover fees and costs when an attorney, and not the litigant, abuses of court processes. *See* 28 U.S.C. § 1927. Here, the Court finds no abuse of court processes or procedures. Further, aside from Defendant's *ad hominem* attacks on Plaintiff's counsel, Defendant itself points to no actual abuse of process in this case.

The fact of the matter is, Plaintiff brought an action believing a violation occurred. Defendant asserted no violation occurred, but failed to provide proof of same for nearly half of a year. Upon receipt of said information, Plaintiff sought to resolve the matter by entering into a stipulation of dismissal with prejudice. Defendant refused, because it believed it was entitled to some sort of relief, despite Plaintiff's willingness to conclude the matter upon realizing she erred in bringing the action. This cannot be viewed as abuse of court process by Plaintiff's counsel. Thus, the Court denies the request under 28 U.S.C. § 1927.

### IV. **CONCLUSION**

For the aforementioned reasons, Plaintiff's Motion to Voluntarily Dismiss her Complaint is hereby granted in its entirety. An appropriate Order accompanies this Opinion.

DATED: October 2nd, 2017

JOSE L. LINARES
Chief Judge, United States District Court